No. 36,241

ESSIE BERNIECE CLAGGETT, *Appellant,* v. HURON CLAGGETT, *Appellee.*

(156 P. 2d 534)

Opinion filed March 10, 1945.

*William H. Towers,* of Kansas City, was on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for divorce. Judgment was given the plaintiff divorcing her from the defendant and approving a property settlement. The plaintiff has appealed from that portion of the judgment which had to do with the property settlement. The facts are substantially as follows:

The action was first instituted as an action for separate maintenance. The defendant filed an answer and cross petition for divorce. Sometime later the plaintiff amended her petition by asking for a divorce and division of property. No answer was filed to this amended petition. A trial was had at which both parties were represented by counsel. The trial judge entered the following minutes upon his trial docket:

"May 16, 1944—Trial, plaintiff granted a divorce from defendant on grounds of extreme cruelty and gross neglect of duty.

"Property settlement entered into, by and between parties approved by court.

"Costs taxed vs. defendant."

Reference is made to the above entries because no journal entry was entered by the trial court and none forwarded to this court,

together with the notice of appeal, as is required by statute. (See G. S. 1943 Supp. 60-3307.)

At the outset of the trial in the district court a colloquy occurred between the court and counsel for both parties, after which counsel for the plaintiff dictated into the record a list of household goods and other personal property, which the parties in open court agreed was the property of plaintiff and should be her property after the divorce. Counsel for plaintiff then referred to another list of property which it appears was the property of both parties but which should be given to plaintiff. There was then a further colloquy about property. The plaintiff and one other witness then testified as to misconduct of defendant which entitled her to a divorce. As has already been noted, the court thereupon granted a divorce and approved a property settlement, which we must assume to be the one to which reference was made by counsel for both parties in open court. A long list of the personal property was read into the record and is brought here in the abstract. There is no evidence at all as to the value of this property, neither is there any evidence whatever of the worth of the defendant or of his earning power; neither is there any mention of his having an income or, if so, the amount of his income.

Within three days after the judgment was entered the plaintiff filed a motion for a new trial setting out various statutory grounds, amongst them being abuse of discretion by the trial court, misconduct of the prevailing party, accident and surprise during the trial; that plaintiff was not afforded reasonable opportunity to present her evidence and be heard on the merits of the case; that the judgment was in whole or in part contrary to the evidence and newly discovered evidence, material for the plaintiff, which she could not with reasonable diligence have discovered and produced at the trial. As far as this record discloses, no showing whatever was made on the hearing of the motion for a new trial of plaintiff on any of these grounds.

Plaintiff has appealed here and charges as specifications of error that the court erred in the following—

"I. The court erred in not making a fair and equitable division of the property involved in this case.

"II. The court erred in not making a sufficient and an adequate allowance for plaintiff out of the defendant's property, money and means.

"III. The court erred in not awarding plaintiff any permanent alimony.

"IV. The court erred in overruling plaintiff's motion for a new trial."

We do not have the benefit of any abstract and brief for appellee.

As to the first two of the above specifications of error, the plaintiff argues that the court abused its discretion in not allowing plaintiff a greater amount of the property of the defendant. She cites and relies on various cases wherein we have refused to approve a property settlement which did not give the wife at least a third of the property of the husband.

These cases construed and applied G. S. 1935, 60-1511. That section provided in part:

". . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also such share of her husband's real and personal property, or both, as to the court may appear just and reasonable."

That section was amended by section 1 of chapter 285 of the Laws of 1941. See, also, G. S. 1943 Supp. 60-1511. The new section reads in part as follows:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable."

It will be noted in section 60-1511 of G. S. 1935 the legislature used the word "shall" while in the amended section the word "may" was used. Furthermore, in those cases there was evidence as to the husband's property. Here there is no evidence at all as to the value of the property of defendant or whether he had any property or whether he had any earning power.

The plaintiff argues that she in her amended petition set out the value of all defendant's property, both real and personal, to be $1,800. She makes reference to a $500 loan which was due defendant from his brother; adds this to the first figure, which would make $2,300, plus his earnings.

She points out that in the cases on which she relies this court refused to approve property settlements which did not give the erring wife at least a third of the husband's property, and argues that following our decisions she should have been awarded $766.66 at least. Without approving or disapproving the idea that a wife is entitled to at least one third of the husband's property, we can only say that

there was no evidence presented here to the trial court as to the value of defendant's property; nor do we find any reference to its value in the statement that was made to the trial court by the counsel for the plaintiff and defendant when the colloquy was occurring at the time the divorce was granted.

When one charges abuse of discretion on the part of a trial court, to reverse a judgment of that court, the evidence relied on must have sometime been presented to that court. As far as this record is concerned, none of the questions argued here was so presented. Under such a situation they cannot be presented here for the first time on appeal.

Plaintiff presents to us an affidavit of herself and by one of her counsel in which she sets out that she learned some months after this appeal had been taken that defendant's brother owed him $500, which was secured by a mortgage on his home. She argues that a new trial should be granted by this court on the basis of this newly discovered evidence. The trouble with that argument is that the affidavits were never presented to the trial court and appear in this record for the first time after the appeal came here. She states in her affidavit that she did not learn about this evidence until more than three days after the judgment. G. S. 1935, 60-3005, provides a procedure for obtaining a new trial for the reason of newly discovered evidence where the evidence was discovered after the three days had elapsed. This procedure was not followed by the plaintiff in this case. Hence, there is nothing presented here on the application for a new trial which can be considered by us.

The judgment of the trial court is affirmed.